UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME BROWN, | ) Case No. CV 10-1286-GAF(RC) |
| Petitioner, | ) |
| vs. | ) |
| | ) OPINION AND ORDER ON A |
| RANDY GROUNDS, | ) PETITION FOR HABEAS CORPUS |
| Respondent. | ) |

On February 22, 2010, petitioner Jerome Brown, a state inmate proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his **1974** conviction in Los Angeles County Superior Court case no. A126761, which was used as a "strike" to enhance petitioner's sentence in Orange County Superior Court case no. 97HF0802, for which he is currently in custody.[1]

---

[1] This Court, pursuant to Federal Rule of Evidence 201, takes judicial notice of the records in four prior federal habeas corpus actions brought by petitioner challenging his current conviction in Orange County Superior Court case no. 97HF0802: (1) Brown v. Hamlet, case no. SACV 00-1107-AHS(RC) ("Brown I"); (2) Brown v. Hamlet, case no. SACV 02-1070-PA(RC) ("Brown II"); (3) Brown v. Hill, case no. SACV 03-1702-SJO(RC) ("Brown III"); and (4) Brown v. Curry, case no. SACV 08-1087-AHS(RC) ("Brown IV"). The records in Brown I show that Judgment was entered on

**DISCUSSION**

The pending habeas corpus petition is one of many attempts by petitioner to challenge a prior "strike" used to enhance his current sentence. Although the instant habeas corpus petition raises a direct challenge to the 1974 prior conviction, petitioner is really challenging his current sentence by claiming it was enhanced by an allegedly unconstitutional prior conviction. However, petitioner is barred from doing this since his prior conviction "'is no longer open to direct or collateral attack in its own right because the [petitioner] failed to pursue those remedies while they were available (or because the [petitioner] did so unsuccessfully). . . .'" Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 402, 121 S. Ct. 1567, 1573, 149 L. Ed. 2d 608 (2001) (citing Daniels v. United States, 532 U.S. 374, 382, 121 S. Ct. 1578, 1583, 149 L. Ed. 2d 590 (2001)). Additionally, as a challenge to his current sentence, the instant petition is a successive petition, which raises a claim petitioner could have raised in Brown I, and it plainly appears on the face of the petition that petitioner has not moved in the Ninth Circuit Court of Appeals for an order authorizing this Court to consider the instant successive petition. Under The Antiterrorism and

---

November 13, 2001, denying petitioner's challenge to Orange County Superior Court case no. 97HF0802 on the merits and dismissing the action. The petitioner appealed the Judgment to the Ninth Circuit Court of Appeals, which denied a certificate of appealability. Judgment was entered in Brown II through Brown IV, finding these petitions were successive habeas petitions and dismissing them for lack of subject matter jurisdiction. The records in Brown III and Brown IV show petitioner raised the claim that the 1974 prior conviction he suffered should not have been considered a "strike" for sentencing purposes -- the same claim he is raising herein.

1  Effective Death Penalty Act of 1996 ("AEDPA"), a successive habeas
2  petition is not a matter of right -- and the gatekeeping function
3  belongs to the Court of Appeals, not to the district court.  Felker v.
4  Turpin, 518 U.S. 651, 661, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996).

6       Alternatively, assuming arguendo petitioner is directly
7  challenging his prior 1974 conviction, rather than his current
8  sentence as enhanced by that conviction, that challenge is clearly
9  untimely under AEDPA, 28 U.S.C. § 2244(d),[2] which "established a
10 one-year period of limitations for federal habeas petitions filed by
11 state prisoners."  Bryant v. Arizona Attorney Gen., 499 F.3d 1056,
12 1059 (9th Cir. 2007); 28 U.S.C. § 2244(d).

14      Rule 4 of the Rules Governing Section 2254 Cases in the United
15 States Courts provides that "[i]f it plainly appears from the petition
16 and any attached exhibits that the petitioner is not entitled to
17 relief in the district court, the judge must dismiss the petition and
18 direct the clerk to notify the petitioner."  28 foll. U.S.C. § 2254,
19 Rule 4.  Since petitioner's habeas corpus petition is an attempt to
20 challenge a prior conviction enhancing a current sentence and a
21 //
22 //

---

[2] On February 23, 2010, this Court issued an Order to Show Cause why this action should not be dismissed as untimely under AEDPA, see Day v. McDonough, 547 U.S. 198, 209, 126 S. Ct. 1675, 1684, 164 L. Ed. 2d 376 (2006) ("[D]istrict courts are permitted, but not obligated, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."), and petitioner filed his response on March 9, 2010.  However, having considered petitioner's response, the Court finds it has no merit.

3

successive petition or, alternatively, is untimely, it must be dismissed.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered SUMMARILY DISMISSING the petition for writ of habeas corpus for lack of subject matter jurisdiction or, alternatively, as untimely.

IT IS FURTHER ORDERED that the Clerk shall notify petitioner of the dismissal.

DATE: March 11, 2010

GARY A. FEESS
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

DATE: March 10, 2010

/S/ ROSALYN M. CHAPMAN
ROSALYN M. CHAPMAN
UNITED STATES MAGISTRATE JUDGE

R&R-MDO\10-1286.mdo
3/10/10

4